UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:13-cv-26-RJC

| | |
|---|---|
| KEVIN LOGAN, )<br> )<br> Petitioner, )<br> )<br>vs. )<br> )<br>TIM KERLEY, Administrator, Catawba )<br>Correctional Center, )<br> )<br> Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment. (Doc. No. 5).

**I. BACKGROUND AND FACTS**

Petitioner is a state court prisoner who, on October 24, 2011, in Henderson County Superior Court, the Honorable Gary M. Gavenus presiding, pled guilty to felony possession of cocaine with intent to sell or deliver, sale or delivery of cocaine, and felony failure to appear. (Doc. No. 6-4 at 13). The trial court sentenced Petitioner to consecutive terms of 20-24 and 29-35 months' imprisonment, in case 09cr1894. (Id. at 21; 23).

Plaintiff appealed, and Plaintiff's counsel filed an Anders brief on Plaintiff's behalf, conceding that there were no meritorious issues on appeal. (Doc. No. 6-6: Ex. 5); see Anders v. California, 386 U.S. 738 (1967). On August 21, 2012, the North Carolina Court of Appeals affirmed in an unpublished opinion, but remanded for correction of a clerical error. State v. Logan, 731 S.E.2d 275 (N.C. Ct. App. 2012). On October 4, 2012, the Supreme Court of North Carolina denied discretionary review. State v. Logan, 732 S.E.2d 476 (N.C. 2012). Attorney Todd M. Williams represented Petitioner at trial, and attorney Jon W. Myers represented

Petitioner on appeal.

On December 3, 2012, Petitioner filed a pro se motion for appropriate relief ("MAR") in Henderson County Superior Court. (Doc. No. 6-9: Ex. 8). On December 18, 2012, the MAR Court, the Honorable Mark E. Powell presiding, denied the MAR, stating:

> All of the alleged errors raised in the current motion of the Defendant could have been raised in his earlier appeal, and the Defendant was in a position to adequately raise the grounds or issues but did not do so. No good cause has been shown for the failure of the current grounds or issues to be raised in the prior appeal, and no actual prejudice has been demonstrated due to the failure of the current grounds or issues to be raised. Failure to consider the current grounds or claims will not result in a fundamental miscarriage of justice.

(Doc. No. 6-10 at 2: Ex. 9) (paragraph numbers omitted). Thus, the MAR Court denied Petitioner's claims as procedurally defaulted.[1] See N.C. GEN. STAT. § 15A-1419(a)(3) and (b) (claim shall be denied when defendant was in an adequate position to have raised it in a previous appeal but did not do so, absent cause and prejudice or fundamental miscarriage of justice, i.e., actual innocence).

Petitioner's § 2254 petition was stamp-filed in this Court on January 31, 2013.[2] (Doc. No. 1). Respondent filed the pending summary judgment motion on February 22, 2013. (Doc. No. 5). On February 26, 2013, the Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to respond to the summary judgment motion. (Doc. No. 7). Petitioner brings the following grounds for relief in his § 2254 petition: (1) his Fifth Amendment right against double jeopardy was violated; (2) his Eighth Amendment right against cruel and unusual punishment was violated because he was sentenced

---

[1] Respondent contends in its memorandum in support of the summary judgment motion that the MAR Court alternatively denied Petitioner's claims on the merits, but the Order contains no such language. In any event, as the Court discusses infra, Petitioner's claims would fail on the merits even if they were not procedurally barred.

[2] Petitioner asserts that he placed the petition in the prison mail system in "January 2013," but he does not provide a specific date.

twice for the same offense; (3) he was sentenced twice for the same cocaine transaction; and (4) he cannot be sentenced twice for possession and distribution when the only evidence of possession was at the time of distribution.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases in which there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

3

A state court decision is contrary to clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite result][.]" Williams v. Taylor, 529 U.S. 362, 405 (2000); Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 U.S. at 405). A state court unreasonably applies federal law when it "identifies the correct governing legal rule from th[e Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case." Williams, 529 U.S. at 407; Lewis, 609 F.3d at 300-01 (stating that a state court unreasonably applies federal law when it "extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply[ ]") (citation and quotation marks omitted).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law" for § 2254(d)(1) purposes. Williams, 529 U.S. at 410. The former requires a "substantially higher threshold" to obtain relief than does the latter. Schriro v. Landrigan, 550 U.S. 465, 473 (2007). A state court's determination that a claim fails on its merits cannot be overturned by a federal habeas court "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

A habeas court, therefore, must "determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." Richter, 131 S. Ct. at 786. A petitioner has the burden of establishing that the state court decision "was so lacking in justification that there

4

was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.

In addition, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (internal quotations and citations omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. § 2254(b)(1)(A).

A petitioner may overcome a finding of procedural default by showing cause and prejudice arising from the asserted constitutional error. McCarver v. Lee, 221 F.3d 583, 591-92 (4th Cir. 2000). To show "cause," a petitioner may make "a showing that the factual or legal basis for the claim was not reasonably available to counsel." Id. at 591 (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). To establish "prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 592 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

A habeas petitioner may also overcome his procedural default by demonstrating that the court's failure to consider the claim will result in a fundamental miscarriage of justice. Hedrick

5

v. True, 443 F.3d 342, 359 (4th Cir. 2006) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The "fundamental miscarriage of justice" exception applies only to a narrow class of cases involving extraordinary instances "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 392-94 (2004) (citing Murray v. Carrier, 477 U.S. 478, 494-96 (1986)).

**IV.   DISCUSSION**

All of Petitioner's four grounds for relief are variations on the same claim by Petitioner that he was subjected to double jeopardy based on the fact that he was convicted of both possession of cocaine with intent to sell or deliver and the sale or delivery of cocaine, offenses that both occurred on April 29, 2009. See (Doc. No. 6-4 at 13). Petitioner also contends that being convicted on both charges constituted cruel and unusual punishment under the Eighth Amendment. Petitioner raised these claims in his MAR, and the MAR Court denied the claims as procedurally barred for failure to raise them on direct appeal. See (Doc. No. 6-9; Doc. No. 6-10). The MAR Court's dismissal of Petitioner's claims based on Petitioner's failure to raise them on direct appeal constitutes an adequate and independent state procedural bar precluding federal habeas review. See N.C. GEN. STAT. § 15A-1419(a)(3) and (b); see also Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) (finding that a claim was procedurally barred from federal habeas review where the state post-conviction court found that Petitioner was in an adequate position to have raised the claim on appeal but did not do so); McCarver, 221 F.3d at 593 (finding that a claim was procedurally barred from federal habeas review where the state post-conviction court denied the claim on the alternative ground of procedural bar because it had not been raised on direct appeal).

To show cause and actual prejudice for the default, Petitioner appears to assert that his

appellate counsel was ineffective for failing to raise a double jeopardy or Eighth Amendment argument on direct appeal. Petitioner's assertion of ineffective assistance of appellate counsel, however, is inadequate to excuse the default because the ineffective of assistance of counsel claim is itself procedurally defaulted based on Petitioner's failure to raise the ineffective assistance of appellate counsel claim in his MAR. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (providing that an ineffective assistance of counsel "claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"). Accordingly, Petitioner has not shown cause or actual prejudice to excuse the procedurally defaulted claims.

Finally, the Court notes that, even if the double jeopardy claim were not procedurally barred, this argument is without merit, as Petitioner has shown neither a double jeopardy clause violation nor a violation of his Eighth Amendment right to be free from cruel and unusual punishment.[3] Because each of Petitioner's offenses, possession of cocaine with intent to sell or deliver, and sale or delivery of cocaine, contain an essential element not required by the other, i.e. possession with intent to sell for the first offense, and the actual sale or delivery for the second offense, no double jeopardy occurred here. See N.C. GEN. STAT. § 90-95(a)(1) (2007 version applicable to Petitioner's April 29, 2009 offenses); see also United States v. Dixon, 509 U.S. 688 (1993) (rejecting "same conduct" test for determining double jeopardy and reaffirming "same elements" test of Blockburger v. United States, 284 U.S. 299 (1932)); Kuiken v. Lee, 52 F.3d 321 (4th Cir. 1995) (unpublished) (stating that under North Carolina law, separate convictions for, inter alia, trafficking cocaine by sale and delivery and possessing cocaine were not barred by double jeopardy, even though each separate conviction was based on possessing the same cocaine at the same time). Furthermore, convicting Petitioner on two separate charges

---

3 Thus, Petitioner also cannot show that the Court's failure to consider the claim on the merits will result in a fundamental miscarriage of justice.

and sentencing him separately as to each charge does not constitute cruel and unusual punishment under the Eighth Amendment. In sum, even if Petitioner's double jeopardy and cruel and unusual punishment claims were not procedurally defaulted, a state court adjudication rejecting these claims would be neither contrary to nor an unreasonable application of clearly established Supreme Court law.

V. **CONCLUSION**

   **IT IS, THEREFORE, ORDERED** that:

   1. Respondent's Motion for Summary Judgment, (Doc. No. 5), is **GRANTED** and the § 2254 petition is dismissed with prejudice; and

   2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge